UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES RICKETTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:09-cv-1410-WTL-DML |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

As used in this Entry, the term "Ricketts" refers to the plaintiff, James Ricketts, the term "SSA" refers to the Social Security Administration, the term "Commissioner" refers to defendant Michael Astrue, Commissioner of the SSA, and the term "DIB" refers to Social Security Disability Insurance Benefits,

Ricketts seeks judicial review of the Commissioner's decision that Ricketts had received an overpayment of DIB and that the SSA was entitled to proceed with recovery of the overpayment.

For the reasons explained in this Entry, the Commissioner's decision is **affirmed.**

**Discussion**

Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's decision. If such evidence exists and if the Commissioner's decision is otherwise free of legal error, that decision must be affirmed. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

Ricketts filed an application for DIB on February 9, 1982. In the course of ensuing proceedings, that application was denied, a subsequent application for DIB and SSI resulted in an award of SSI benefits but not DIB, a review of the denial of DIB resulted in the award of DIB based on a determination that Ricketts had been disabled by a severe psychiatric disorder or chronic paranoid schizophrenia since December 31, 1979.

Ricketts' monthly DIB benefits were computed at least in part based on earnings posted to his record with the SSA. Based on information provided by Ricketts in 2004, his benefit amount was increased to give him credit for his reported earnings in 2003. (Tr. 184-85). He was also paid a lump sum of $5,767.00 for the period of January - November 2004 of the difference between his former monthly benefits and the increased benefit to which he seemed to be entitled.

The true state of his 2003 earnings, however, was clarified in 2006, as a result of which he was notified in a letter issued on May 22, 2006, that his earnings for 2003 had been adjusted, followed by notification on June 4, 2006, that he had been overpaid $13,009.00 because the SSA had accepted previously a reported $87,512.20 in wages in 2003, whereas the correct amount of his 2003 wages was $512.20. When the $87,000.00 in wages were removed from Ricketts' record and his primary insurance amount was recalculated, his monthly benefit was decreased, resulting in an overpayment of $13,009.00 for the period from January 2004 through June 2006. Ricketts challenged this determination. On August 8, 2007, after a hearing, Administrative Law Judge Charles Ardery issued a decision again finding that Ricketts had been overpaid $13,009.00 for the period from January 2004 through June 2006. That decision later became the Commissioner's decision, see *Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and it is that decision which Rickett's challenges here.[1]

The ALJ's discussion of the evidence as a whole leaves no doubt that (1) the ALJ's explanatory decision shows that he gave thoughtful consideration to the important evidence, *Carlson v. Shalala,* 999 F.2d 180, 181 (7th Cir. 1993), (2) the ALJ's assessment of the evidence supports the conclusion reached, *cf. Groves v. Apfel,* 148 F.3d 809 (7th Cir. 1998), and (3) there was substantial evidence to support the determination that Ricketts' earnings for 2003 had been over-reported by $87,000.00, leading to the overpayment of benefits for the period from January 2004 through June 2006.

---

[1] Challenges to prior decisions of the SSA were considered and resolved in *Ricketts v. Apfel,* No. IP 00-946-C-M/S (S.D.Ind. Feb. 26, 2001). No claim is made that the disposition in No. IP 00-946-C-M/S should be reopened or that the deficiency which resulted in the disposition of that action has been remedied–much less that any of the claims presented in No. IP 00-946-C-M/S should or could be adjudicated in this case. Additionally, some of Ricketts' arguments appear to rest on the contention that the SSA simply owes him money as damages. Such a claim is not tenable. Section 405(g) authorizes the court to enter a judgment "affirming, modifying, or reversing" the Commissioner's decision. Ricketts cannot obtain compensatory or punitive damages arising from the denial of Social Security benefits. See Schweiker v. Chilicky, 487 U.S. 412, 424 (1988) (the Social Security Act makes no provision for remedies in money damages against officials responsible for the denial of benefits).

### III. Conclusion

There was no error in the Commissioner's decision. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, Ricketts is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/17/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana